UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

v.

LATEEF BUDD,

Defendant.
_____

**ORDER**

1:20-CR-06101 EAW

On December 7, 2020, the undersigned received a faxed letter from counsel for defendant Lateef Budd ("Budd"), raising concerns about the "intensifying dangerous conditions" at the Monroe County Jail ("MCJ") where Budd is housed in pretrial detention. (Dkt. 248). Although the letter was not formally filed as such, the Court placed it on the docket and characterized it as a motion for reconsideration of this Court's Decision and Order of October 8, 2020, which denied Budd's motion to revoke the Magistrate Judge's Order of Detention. (Dkt. 201). The Court has received a memorandum from the United States Probation Office ("USPO") dated December 10, 2020, and a response from the government dated December 14, 2020 (Dkt. 255), both opposing Budd's request. The Court also received a flurry of emails from defense counsel, on December 11 and 12, 2020, providing additional information in support of the request, including that Budd has tested positive for the virus causing COVID-19 and that he is experiencing symptoms of chills and vomiting.[1]

---

[1] The Court has considered the faxed letter and emails from Budd's counsel, but in the future, he should follow the normal protocol and file a motion on the docket.

- 1 -

The Court appreciates the concerns expressed by Budd, particularly given that he suffers from asthma[2] and that he has now been diagnosed with COVID-19 and is experiencing symptoms.  But the Court's conclusions concerning Budd's dangerousness have not changed.  In other words, as set forth in the Court's Decision and Order dated October 8, 2020, based on the factors set forth at 18 U.S.C. § 3142(g), the government has established by clear and convincing evidence that there are no conditions that could reasonably protect against Budd's risk of danger to others and the community if released.  Although Budd's counsel makes a claim in one of his emails that his client told him that the MJC staff stated that "nobody is going the hospital period," this is inconsistent with the Court's understanding of the circumstances at the MCJ where, when necessary, inmates have been moved to a hospital.  Moreover, now that Budd has tested positive for COVID-19, in the Court's view it would present a greater public health risk to release him from custody into the community, as opposed to keeping him housed at the MJC where certain protocols are being followed in an attempt to prevent the spread of the virus.

---

[2]    Budd submits in his letter dated December 7, 2020, that he is 28 years old and suffers from asthma.  The guidance from the CDC concerning COVID-19 and asthma has evolved since the start of this pandemic, with the CDC now indicating that people with moderate to severe asthma "might" have an increased risk for severe illness from COVID-19.  *See COVID-19 (Coronavirus Disease), People with Certain Medical Conditions*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#asthma (last visited Dec. 15, 2020).  The USPO notes in its memorandum that Budd stated during his pretrial interview on May 1, 2020, that he was in good physical health with no medical conditions, that the MCJ Nursing Director indicated that Budd was not being treated for any medical conditions, and that he was prescribed an inhaler as needed.  Thus, on this record, the Court cannot conclude that Budd suffers from either moderate or severe asthma or that he is at increased risk of serious illness from the virus causing COVID-19.

- 3 -

As a result, Budd's request for reconsideration (Dkt. 248) is denied.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated:  December 15, 2020
       Rochester, New York